# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| NARCISSO CAMPOS RODRIGUEZ, #1169985, | ) ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1447-D |
| | ) | ECF |
| GARY FITZSIMMONS, District Clerk for Dallas County, | ) ) | |
|         Defendant. | ) | |


## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of mandamus brought by a state inmate .

Parties: Plaintiff is presently incarcerated within the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ-CID). Defendant is Dallas County District Clerk Gary Fitzsimmons. The Court did not issue process in this case pending preliminary screening. On August 31, 2007, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his answers on September 20, 2007.

Statement of Case: Plaintiff seeks to compel the Dallas County District Clerk to mail to the Texas Department of Public Safety, by certified mail, a certified copy of the May 12, 2005 order granting expunction of his arrest records. (*See* Order granting expunction in No. X05-117-

M attached to the Petition for writ of mandamus). Plaintiff fears that the Dallas County District Clerk's office did not comply with the May 12, 2005 order which required the Clerk to mail by certified mail a certified copy of the order of expunction to all respondents named in the order. Plaintiff unsuccessfully tried to determine whether the certified mailing had been done, but received no response to his inquires from the Dallas County District Clerk, the Texas Department of Public Safety, or the FBI. While TDCJ Classification and Record's office responded to his inquiry, it informed him that the copy of the order of expunction that Plaintiff had sent along with his letter was unacceptable, and that it had to be mailed directly from the Court before it would be honored it. (Answer to Question 3). Plaintiff also unsuccessfully filed petitions for writ of mandamus in the Fifth District Court of Appeals at Dallas and the Texas Court of Criminal Appeals.[1]

Findings and Conclusions: The Court permitted Plaintiff to proceed *in forma pauperis*.[2] The complaint/petition is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted . . . .

---

[1] Plaintiff's fears seem unfounded. The Dallas County District Clerk's office informed the office of the undersigned that it always sends certified copies of expunction orders by certified mail to all respondents named in the order, and that all records received are expunged within one year of the order.

[2] The fee provisions of 28 U.S.C. § 1915(b) do not apply to a petition for writ of mandamus stemming from a state criminal or state post-conviction action. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (petition for writ of mandamus that arose out of state application for post-conviction relief was not subject to fee payment requirements of § 1915).

28 U.S.C. § 1915A(a) and (b)(1) (emphasis added).  *See also* 28 U.S.C. § 1915(e)(2).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff requests mandamus type relief against the Dallas County District Clerk.  Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought.  *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).  A review of the pleadings in this case reflects that the only relief sought is mandamus against the Dallas County District Clerk for allegedly failing to mail by certified mail a certified copy of the order granting expunction.  Therefore, Plaintiff's complaint should be dismissed with prejudice as frivolous.  *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint seeking mandamus type relief be DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 13th day of November, 2007.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.